# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERICK TOWET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No: 21-cv-2044-TC-TJJ |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Plaintiff, who proceeds pro se, filed a Motion to Reduce the Response Time to the Summons Issued (ECF No. 6). Plaintiff has been deported, but his family remains in the United States. Plaintiff claims this situation, particularly during a global pandemic, creates an urgency not present in an ordinary federal civil case. In light of this urgency, Plaintiff asks this Court to reduce the amount of time—60 days—that Fed. R. Civ. P. 12(a)(2) provides for the United States and its agencies to file an answer or otherwise respond to his Complaint.

The Court sympathizes with Plaintiff's situation, but Plaintiff offers no authority in support of his request and the Court has found none.1 Fed. R. Civ. P 12(a)(1) prescribes the time for serving a responsive pleading "[u]nless another time is specified by this rule or a federal statute." No other subsection of the rule or a federal statute specifies another time for Defendant to file a responsive pleading. And the global pandemic, combined with difficulties presented by

---

1 In Plaintiff's reply brief, Plaintiff cites "Fed Procedure 45 B(3)" as authority for his request. Fed. R. Civ. P. 45(b)(3) addresses service of a subpoena in a foreign country and doesn't appear to have relevance here. The Court assumes Plaintiff means Fed. R. Civ. P. 45(d)(3), which allows a Court to modify or quash a subpoena. But there are at least two problems with use of Rule 45. First, it relates to subpoenas—not summonses. And second, Rule 45(d)(3) is written to protect those who are subject to a subpoena. It does not provide an avenue for the Court to shorten a response time to benefit a party who served the subpoena (or, in this case, the summons).

a recent fire impacting the United States Attorney's Office in the District of Kansas, also presents unique challenges for Defendant to respond more quickly than prescribed by Rule 12—especially as quickly as Plaintiff asks: within 7 business days of service.

The Court denies the relief that Plaintiff seeks. But the Court, noting the statement in Defendant's response that it "will attempt to answer the Complaint before 60 days without the need for extension" (ECF No. 7, at 2), provides the following guidance: The Court discourages Defendant from requesting extension of its answer deadline given the alleged claims and circumstances in this case, namely Plaintiff's deportation and resulting long distance separation from his family during the current pandemic.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 16th day of February, 2021.

_____
Teresa J. James
U. S. Magistrate Judge