**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ERICK TOWET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No: 21-cv-2044-TC-TJJ |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, who proceeds pro se, filed a motion titled "RE: I am Kindly asking for the Court

to Certify form I-198 B (Supplement B U nonimmigrant certification) for me" (ECF No. 20).

Plaintiff has been deported, but his family remains in the United States.

The certification Plaintiff seeks is known as the "U visa certification," which is submitted

to the U.S. Citizenship and Immigration Services (USCIS) in support of a request for a U visa.

An applicant for a U visa must show that he (1) "has suffered substantial physical or mental

abuse as a result of having been a victim of qualifying criminal activity"; (2) "possesses credible

and reliable information establishing that he or she has knowledge of the details concerning the

qualifying criminal activity upon which his or her petition is based"; and (3) "has been helpful, is

being helpful, or is likely to be helpful to a certifying agency in the investigation or prosecution

of the qualifying criminal activity upon which his or her petition is based."[1]  The U visa petition

must be accompanied by a "certification from a Federal, State, or local law enforcement official,

prosecutor, judge, or other Federal, State, or local authority investigating criminal activity

---

[1] 8 C.F.R. § 214.14(b).

described in section 1101(a)(15)(U)(iii) of this title."[2]  The decision whether to certify is discretionary.[3]

Plaintiff alleges, essentially, that ICE immigration officers committed perjury in effecting his removal from the United States. One of several problems with Plaintiff's request is that this Court is not presiding over an investigation or criminal prosecution for perjury; this is a civil proceeding. Plaintiff cannot provide assistance or be helpful to this Court when there is no underlying investigation or prosecution.[4]  The Court therefore denies Plaintiff's request for certification for a U visa petition.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 11th day of August, 2021.

Teresa J. James
U.S. Magistrate Judge

---

[2]  8 U.S.C. § 1184(p)(1).

[3]  *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 226–27 (5th Cir. 2010); *Trevino v. Benton Cty., Ark.*, 578 F. App'x 626, 627 (8th Cir. 2014).

[4]  *See, e.g.*, *Herrera Lopez v. Walker*, No. 3:18-CV-170, 2019 WL 937311, at *2 (E.D. Tenn. Feb. 26, 2019) ("The Court is not presiding over a criminal prosecution of Defendant, and there is no indication in the record that such an investigation or prosecution is ongoing."); *Nsinano v. Sessions*, 236 F. Supp. 3d 1133, 1139 (C.D. Cal. 2017) ("[T]he record does not reveal whether there has been an investigation or prosecution of the alleged criminal violation at issue here."); *Romero-Hernandez v. Dist. of Columbia*, 141 F. Supp. 3d 29, 33 (D.D.C. 2015) ("[T]here is no existing investigation or prosecution related to the Incident, nor is there any evidence indicating that any such investigation or prosecution will take place in the future, and no [ ] officers have been charged with any crime or infraction arising out of the Incident."); *Baiju v. U.S. Dep't of Labor*, No. 12-CV-5610 KAM, 2014 WL 349295, at *20 (E.D.N.Y. Jan. 31, 2014) ("[T]here is no evidence of any possible pending investigation or prosecution of the qualifying crimes that petitioner alleges"); *Agaton v. Hosp. & Catering Servs., Inc.*, No. CIV.A. 11-1716, 2013 WL 1282454, at *4 (W.D. La. Mar. 28, 2013) ("[T]his Court may not certify a U-Visa application when this judge has no responsibilities or even knowledge regarding any possible pending investigation or prosecution of the qualifying criminal activity.").